UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLSTON DEON HARPER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NAPHCARE, INC.,<br><br>　　　　　　　Defendant. | NO. 2:19-CV-0136-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 23). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 23) is GRANTED.

This case arises out of medical care that Plaintiff received from Defendant while in pretrial detention at the Spokane County Jail. Plaintiff is proceeding *pro se* and *in forma pauperis*. On April 25, 2019, Plaintiff filed the initial Complaint in this case. ECF No. 1. On June 17, 2019, the Court ordered Plaintiff to amend or

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

voluntarily dismiss the Complaint. ECF No. 10. On July 11, 2019, Plaintiff filed a First Amended Complaint. ECF No. 12. On August 13, 2019, the Court again ordered Plaintiff to amend or voluntarily dismiss the First Amended Complaint. ECF No. 14. On August 22, 2019, Plaintiff filed a Second Amended Complaint. On September 24, 2019, the Court directed service of the Second Amended Complaint. On October 1, 2019, mail sent to Plaintiff at the address he registered with the Court was returned to the Court as undeliverable. ECF No. 18. On November 22, 2019, Defendant filed a Motion to Dismiss, which was scheduled for hearing without oral argument on January 13, 2020. ECF No. 23.

Plaintiff has not responded to the Motion to Dismiss. A *pro se* litigant's response to a dispositive motion, such as a motion to dismiss, must be filed within 30 days after the mailing of the dispositive motion as noted on the certificate of mailing. LCivR 7(c)(2)(A). Failure to comply with this rule "may be deemed consent to entry of an order adverse to the party who violates" the rule. LCivR 7(e). More than 30 days have elapsed since Defendant mailed its Motion to Dismiss to Plaintiff, and the hearing date on Defendant's Motion to Dismiss has passed. Plaintiff has failed to defend against the motion. Accordingly, the Court deems Plaintiff to have consented to entry of an order granting the Motion to Dismiss. LCivR 7(e).

Additionally, the Court may dismiss an action if mail directed to a *pro se* plaintiff has been returned by the Postal Service and the plaintiff fails to notify the Court and opposing parties within 60 days thereafter of his current mailing address. LCivR 41(b)(2). Plaintiff is not registered for electronic filing and has failed to provide an updated mailing address to the Court. More than 60 days have elapsed since Plaintiff's mail was returned to this Court as undeliverable. Therefore, the Court is also empowered to dismiss Plaintiff's case for failure to keep the Court advised of his current mailing address. LCivR 41(b)(2).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status. If Plaintiff seeks to pursue an appeal, he must pay the requisite filing fee.

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 23) is **GRANTED**. This case is **DISMISSED** with prejudice. Each party to bear its own costs and expenses.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and close the file.

**DATED** January 14, 2020.



THOMAS O. RICE
Chief United States District Judge